IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
TINIKA S. WARREN,              )
                               )
            Plaintiff,         )
                               )
      v.                       )     1:16cv1401
                               )
THE CITY OF GREENSBORO, BRAD   )
TOLBERT, TERRI JONES, MARK     )
WAYMAN, and DONALD FOSTER,     )
                               )
            Defendants.        )
```

**MEMORANDUM OPINION AND ORDER**

THOMAS D. SCHROEDER, District Judge.

This is an action arising out of the City of Greensboro's condemnation of a residence occupied by Plaintiff Tinika Warren. Before the court is the motion of Defendants City of Greensboro, Brad Tolbert, Terri Jones, Mark Wayman, and Donald Foster to dismiss for lack of subject matter jurisdiction and failure to state a claim. (Doc. 18.) Warren, appearing pro se, has filed a response (Doc. 21) as well as several "supplements" to her response (Docs. 22, 23, and 24). Warren has also filed a host of other miscellaneous motions, notices, and "cease and desist" declarations. (Docs. 25 through 35.) Because Defendants' motion is dispositive, these other motions will be denied as moot, and the action will be dismissed.

I.  BACKGROUND

The facts, viewed in the light most favorable to Warren as

the non-moving party, show the following:[1]

As of December 2016, Warren resided at 922 Lincoln Street in Greensboro. On December 8, 2016, following notice and hearing, the Greensboro Minimum Housing Standards Commission ("Commission") adopted an ordinance to demolish the residence after it had been found substandard and unfit for human habitation and occupancy. (Doc. 19-1 at 1-2.) The order of condemnation contained detailed factual findings, including that the residence had been inspected by the City of Greensboro on June 23, 2015, notice had been given to Warren, a hearing had been held on July 28, 2015, multiple violations were found, an order to repair had been issued, and the owner had failed to comply with the order. (Id. at 3-4.) As a result, the Commission ordered that the owner had 90 days from December 8, 2016, to repair or demolish the building and that, failing either, the inspector would demolish and remove the dwelling. (Id. at 4-5.) This gave the owner until March 8, 2017, to repair or demolish the structure. (Id. at 5.)

Warren appealed the Commission's order to the Guilford County

---

[1] Warren's complaint purports to span multiple documents (Docs. 2, 4-8, 13, 14, and 16). Most of these documents are collections of various legal authorities and are improper for inclusion in a pleading. Nevertheless, the court considers them, given Warren's pro se status. Moreover, Defendants have filed copies of the orders and decisions of the Greensboro Minimum Housing Standards Commission and the Guilford County Superior Court, of which the court takes judicial notice. Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting that "[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records").

2

Superior Court. On March 6, 2017, after briefing and a hearing, the Guilford County Superior Court rejected the appeal. (Doc. 19-2 at 1-2.) Specifically, the court adopted the findings of fact and affirmed the conclusions of law of the Commission. (Id.) The court also granted injunctive relief, pursuant to N.C. Gen. Stat. 160A-393(m), to require Warren to vacate the property and to permit the City of Greensboro to demolish it. (Id.)

Warren moved for reconsideration. Her motion came on for hearing on May 15, 2017. (Doc. 19-3 at 1.) But Warren failed to appear, despite the fact that she had made ten filings with the court since its initial order. (Id.) Consequently, the court denied the motion for reconsideration. (Id. at 1-2.)

The City of Greensboro then moved to dismiss Warren's notice of appeal. That motion came on for hearing on June 7, 2017. (Doc. 19-4.) Again, Warren failed to appear. (Id.) The court granted the City's motion and dismissed Warren's notice of appeal pursuant to the North Carolina Rules of Appellate Procedure for failure to prosecute. (Id.)

Warren apparently was proceeding on two fronts, as she filed the present action on December 13, 2016. (Doc. 1.) Her pro se complaint, using the forms of the court, alleges that the City of Greensboro attempted to "humiliate" her and her family through "fraud, corruption and harassment." (Doc. 2 at 2.) The allegations are conclusory and rambling, especially if one

3

considers all the "supplements" Warren attempts to include as part of the complaint. She claims the City violated her "Constitutional amendment Rights of PROPERTY, LIFE, LIBERTY AND THE PURSUIT OF HAPPINESS." (Doc. 2-1 at 23.) In her civil cover sheet, she invokes federal question jurisdiction but failed to complete the section requiring that she state the statute under which she is filing. (Doc. 3.)[2] In her pleadings, she claims the court has jurisdiction under "28:1331," "Rule 71.1 Condemning Real or/+ Personal Property," and "18 U.S.C. § 242." (Doc. 2 at 1; Doc. 2-1 at 17.) Elsewhere, she references "14th Amendment," "Compensation Act + Relocation Act," "URA," ADA ACT" and "Discrimination under 'color of law" + HUD laws." (See Doc. 21 at 1.) Warren seeks $25.2 million, an apology, a television broadcast of her case, and "[a]ccommodations [sic] under the 'ADA ACT." (Doc. 2 at 5.) In her later filings, she also seeks reimbursement for moving and renting expenses that she has incurred as a result of the condemnation. (Doc. 23 at 6.)

## II. ANALYSIS

"When reviewing a pro se complaint, federal courts should examine carefully the plaintiff's factual allegations, no matter how inartfully pleaded, to determine whether they could provide a

---

[2] Warren also checked the box noting that both she and Defendants are citizens of North Carolina, thus demonstrating that diversity jurisdiction is unavailable to her. (Id.)

4

basis for relief. In addition, in order to determine whether the claim of a pro se plaintiff can withstand a motion to dismiss, it is appropriate to look beyond the face of the complaint to allegations made in any additional materials filed by the plaintiff." Armstrong v. Rolm A. Siemans Co., 129 F.3d 1258 (4th Cir. 1997) (citations omitted) (unpublished table decision). However, the liberal construction of a pro se plaintiff's pleading does not require the court to ignore clear defects in pleading, Bustos v. Chamberlain, No. 3:09-1760-HMH-JRM, 2009 WL 2782238, at *2 (D.S.C. Aug. 27, 2009), or to "conjure up questions never squarely presented in the complaint," Brice v. Jenkins, 489 F. Supp. 2d 538, 541 (E.D. Va. 2007) (internal quotation marks and citation omitted). Nor does it require that the court become an advocate for the unrepresented party. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

Defendants offer several arguments in support of their motion to dismiss. Collectively, they raise two main challenges. First, Defendants contend that Warren's complaint is barred by the doctrine of res judicata because it seeks to re-litigate issues finally decided in the underlying State condemnation proceedings. Second, they contend that the court lacks subject matter jurisdiction because the complaint is so lacking in substance as to fail to state a claim for relief under federal law and that any challenge Warren could conceivably said to have raised is

5

prohibited by the Rooker-Feldman doctrine.[3] Warren's response fails to address any of these arguments, objects only "under constitutional grounds [of] Life, Liberty, Pursuit of Happiness ADA ACT," and seeks entry of default ostensibly for Defendants' failure to file an answer to her complaint. (Doc. 21 at 1-3.) For the reasons that follow, the court agrees with Defendants.

**A. Subject Matter Jurisdiction**

A court must consider its subject matter jurisdiction as a "threshold matter" prior to addressing the merits of the case. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94–95 (1998); Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 480 (4th Cir. 2005). "The plaintiff has the burden of proving that subject matter jurisdiction exists." Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp., 166 F.3d 642, 647 (4th Cir. 1999) (citing Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991)). "When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), 'the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.'" Id. (quoting Richmond, Fredericksburg & Potomac R.

---

[3] The doctrine arises from Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1982).

6

Co., 945 F.2d at 768). "The district court should grant the Rule 12(b)(1) motion to dismiss 'only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" Id. (quoting Richmond, Fredericksburg & Potomac R. Co., 945 F.2d at 768).

Warren alleges jurisdiction under 28 U.S.C. § 1331. Federal question jurisdiction exists where an action arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Under the "well-pleaded complaint rule," a federal court may exercise federal jurisdiction "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). The failure to reference a federal law in the complaint is not controlling. Club Comanche, Inc. v. Gov't of Virgin Islands, 278 F.3d 250, 259 (3d Cir. 2002) (citing N. Am. Phillips Corp. v. Emery Air Freight Corp., 579 F.2d 229, 233 (2d Cir. 1978))). However, the plaintiff must set forth sufficient allegations to give rise to a federal right. Club Comanche, 278 F.3d at 259. To determine whether a plaintiff alleged a federal claim under such circumstances, courts will "look to the pleading requirements established in the statutes from which the causes of action arise, or in courts' interpretations of the pleading requirements of those statutes." Id.

A claim invoking federal question jurisdiction "may be

7

dismissed for want of subject-matter jurisdiction if it is not colorable, i.e., if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.' " Arbaugh v. Y&H Corp., 546 U.S. 500, 513 n.10 (2006) (quoting Bell v. Hood, 327 U.S. 678, 682–83 (1946)); Crosby v. City of Gastonia, 635 F.3d 634, 643 (4th Cir. 2011) (noting that a federal claim may be "so 'plainly insubstantial' or 'entirely frivolous' as to be manifestly outside federal jurisdiction" (quoting Lovern v. Edwards, 190 F.3d 648, 656 (4th Cir. 1999))); Davis v. Pak, 856 F.2d 648, 652 (4th Cir. 1988).

Here, Warren makes only an oblique reference to her "Constitutional amendment Rights of PROPERTY, LIFE, LIBERTY AND THE PURSUIT OF HAPPINESS." (Doc. 2-1 at 23.) Elsewhere, she refers to the "14th Amendment." (Doc. 21 at 1.) These generalized references are insufficient to articulate any cognizable claim of deprivation.

Warren also mentions the "ADA ACT." In her prayer for relief she seeks "[a]ccommodations [sic] under the 'ADA ACT." (Doc. 2 at 5.) Assuming this refers to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq., this claim fails as well. At a minimum, to state a claim under the ADA, a plaintiff must allege sufficient facts to make plausible that she suffers from a disability (or is perceived to do so), is otherwise qualified for the benefit in question, and was unlawfully

8

discriminated against on the basis of her disability. See Baird ex rel. Baird v. Rose, 192 F.3d 462, 467 (4th Cir. 1999). Warren's complaint is devoid of any factual matter that would even suggest any of these.

Warren invokes "Rule 71.1 Condemning Real or/+ Personal Property" and 18 U.S.C. § 242. (Doc. 2 at 1; Doc. 2-1 at 17.) Presumably, as to the former she is referring to Federal Rule of Civil Procedure 71.1. Because this is a rule of procedure, however, it does not provide a substantive cause of action and thus cannot serve as a basis for relief. Similarly, § 242 is a criminal law and provides no civil cause of action.

Finally, Warren cites "discrimination under 'color of law' and HUD laws" as well as the "Compensation Act + Relocation Act" and "URA." (Doc. 21 at 1.) This appears to be a reference to the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. §§ 4601–4655, which Warren argues entitles her to reimbursement for costs associated with moving and renting that she incurred after the Greensboro residence was condemned. However, this act "creates no individually enforceable rights" and does not provide a cause of action. Clear Sky Car Wash LLC v. City of Chesapeake, Va., 743 F.3d 438, 444 (4th Cir. 2014).

For these reasons, Warren's complaint, including all "supplements," is so wholly insubstantial and frivolous that it

fails to raise a claim over which the court can exercise subject matter jurisdiction.  In the alternative, it fails to plausibly state a claim upon which relief can be granted and should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

**B.   Rooker-Feldman**

Even if the complaint could be construed to raise a cognizable claim, the relief Warren seeks – damages arising from the fact that the City of Greensboro condemned the residence in which she was apparently living – seeks to collaterally attack the underlying State court condemnation proceedings and orders and is thus barred by the Rooker-Feldman doctrine.

The Rooker-Feldman doctrine is a jurisdictional bar that "prohibits the United States District Courts, with the exception of habeas corpus actions, from 'sit[ting] in direct review of state court decisions.'"  See Jordahl v. Democratic Party of Va., 122 F.3d 192, 199 (4th Cir. 1997) (quoting D.C Court of Appeals v. Feldman, 460 U.S. 462, 483 n.16 (1983)).  "The doctrine extends not only to . . . claims presented or adjudicated by the state courts but also to claims that are 'inextricably intertwined' with a state court judgment."  Id. (quoting Feldman, 460 U.S. at 486–87).  A federal claim is "inextricably intertwined" with a State court ruling where "in order to grant the federal plaintiff the relief sought, the federal court must determine that the [state] court judgment was erroneously entered or must take action that

would render the judgment ineffectual." Id. at 202.

The Supreme Court has clarified that the Rooker-Feldman doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). The purpose of the doctrine is to promote respect between the federal and state courts in our system of dual sovereignty. See Vulcan Chem. Tech., Inc. v. Barker, 297 F.3d 332, 343 (4th Cir. 2002). The effect of the Rooker-Feldman doctrine is to divest a federal district court of subject matter jurisdiction to review state court judgments. See Jordahl, 122 F.3d at 200. Only the Supreme Court of the United States has jurisdiction to review State court judgments. See Brown & Root, Inc. v. Breckenridge, 211 F.3d 194, 198-99 (4th Cir. 2000).

In a related context, Rooker-Feldman has been applied to foreclosure proceedings before the Clerk of Superior Court and appeals of those proceedings in State court. See, e.g., Brumby v. Deutsche Bank Nat'l Trust Co., No. 1:09CV144, 2010 WL 617368, at *1, 3 (M.D.N.C. Feb. 17, 2010) (applying Rooker-Feldman to foreclosure proceedings before the Clerk of Superior Court of Guilford County pursuant to N.C. Gen. Stat. § 45-21.16, which characterizes such a decision by the Clerk as a "judicial act").

"In the context of a state court foreclosure proceeding, Rooker–Feldman prohibits claims brought in federal court that may 'succeed only to the extent that the state court wrongly decided the foreclosure action.'" Poindexter v. Wells Fargo Bank, N.A., No. 3:10cv257, 2010 WL 3023895, at *2 (W.D.N.C. July 29, 2010) (quoting Postma v. First Fed. Sav. & Loan of Sioux City, 74 F.3d 160, 162 (8th Cir. 1996)).

For the same reasons, the Rooker-Feldman doctrine applies here to the extent Warren's complaints of injury are merely a result of the City of Greensboro's carrying out of the Commission's condemnation order. See Foster v. Columbia Gas Transmission Corp., 131 F. Supp. 2d 822, 826 (N.D.W. Va.), aff'd, 238 F.3d 411 (4th Cir. 2000) (finding that the Rooker-Feldman doctrine applied to state court condemnation proceedings when they were challenged in federal court). In that case, the basis for her injury is the State court orders themselves. In those orders, the State court expressly adopted the findings of fact and conclusions of law entered by the Commission, affirmed those actions, and dismissed Warren's appeal. For this court to permit Warren to proceed on claims that are inconsistent with the State court orders would require it to conclude that the State court orders as to the condemnation proceedings were wrongly decided. As a result, to the extent Warren's claims challenge the State court orders, they

12

are barred by the Rooker-Feldman doctrine and this court is divested of subject matter jurisdiction.

## III. CONCLUSION

For the reasons stated,

IT IS THEREFORE ORDERED that Defendants' motion to dismiss (Doc. 18) is GRANTED and that this action is DISMISSED WITHOUT PREJUDICE. All remaining motions by Warren (Docs. 12, 17, 25, 30, 32, 33, and 34) are DENIED WITHOUT PREJUDICE as moot.

This decision disposes of all remaining claims in this action, and the Clerk of Court is directed to close this case.

/s/   Thomas D. Schroeder
United States District Judge

November 17, 2017

13